UNITED STATES COURT
OF INTERNATIONAL TRADE

| | |
|---|---|
| BULLDOG FIELD EQUIPMENT LLC,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, *in his official capacity as Commissioner of U.S. Customs and Border Protection*; *and* THE UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 26-cv-04939<br><br>**Complaint** |

1. Plaintiff Bulldog Field Equipment LLC brings this action to recover duties assessed and collected on its imports pursuant to executive orders that invoked the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.* ("IEEPA").

2. In February 2026, the Supreme Court held that IEEPA does not authorize the President to impose tariffs. *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 251, 254 (2026).

3. Plaintiff imported merchandise subject to the unlawful tariffs imposed under IEEPA and paid duties as a result of the unlawful orders.

4. Plaintiff now seeks a full refund of all IEEPA duties it paid to the United States, together with interest as provided by law, and appropriate relief concerning affected liquidated and unliquidated entries.

## Parties

5. Plaintiff is a Virginia Limited Liability Company with its principal place of business at 2121 Roanoke Blvd, Salem, Virginia 24153. Plaintiff is the importer of record for the entries at issue and paid the IEEPA duties assessed on those entries.

6. Defendant United States Customs and Border Protection ("CBP") is a federal agency, and a component of the Department of Homeland Security, responsible for, inter alia, securing ports of entry and collecting tariffs on imported goods. It is headquartered in Washington, D.C.

7. Defendant Rodney S. Scott is the Commissioner of CBP. He is sued in his official capacity.

8. Defendant United States of America is the federal government of the United States of America.

## Jurisdiction

9. This Court has exclusive jurisdiction under 28 U.S.C. § 1581(i)(1)(A), (B), (D) because this action arises out of laws of the United States providing for revenue from imports and for tariffs and duties on imported merchandise, and the administrative enforcement of those laws. *See Learning Resources*, 607 U.S. at 240 n.1; *see also AGS Co. Auto. Sols. v. United States*, No. 25-00255, Slip Op. 25-154 (Ct. Int'l Trade Feb. 27, 2026).

10. The Court possesses all the powers in law and equity of, or as conferred by statute upon, a district court of the United States. 28 U.S.C. § 1585. The Court may enter a money judgment for or against the United States in any civil action commenced under 28 U.S.C. § 1581 or 28 U.S.C. § 1582 and may also order any

other form of relief that is appropriate in a civil action, including but not limited to declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition. 28 U.S.C. § 2643(a)(1), (c)(1).

## Factual Allegations

11. Beginning in February 2025, the President issued several executive orders invoking IEEPA to impose additional duties on imported merchandise. The orders, together with their applicable amendments (collectively the “Challenged Orders”), implemented directed changes to the Harmonized Tariff Schedule of the United States (“HTSUS”), requiring goods subject to the Challenged Orders to be entered under new tariff codes. *See* Exec. Order No. 14193, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14194, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14195, 90 Fed. Reg. 9,121 (Feb. 7, 2025); Exec. Order No. 14200, 90 Fed. Reg. 9,277 (Feb. 11, 2025); Exec. Order No. 14228, 90 Fed. Reg. 11,463 (Mar. 7, 2025); Exec. Order No. 14257, 90 Fed. Reg. 15,041 (Apr. 7, 2025); Exec. Order No. 14259, 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, 90 Fed. Reg. 15,625 (Apr. 15, 2025).

12. On May 7, 2025, Plaintiff imported merchandise from China on which CBP assessed and collected additional duties pursuant to the Challenged Orders (“IEEPA duties”).

13. Plaintiff paid approximately $10,240 of IEEPA duties on one entry (the “Affected Entry”).

14. As of November 1, 2026, Plaintiff's Affected Entry has been liquidated for more than 90 days and is outside CBP's period for voluntary reliquidation under 19 U.S.C. § 1501. CBP has not refunded the IEEPA duties deposited on this entry.

15. On February 20, 2026, the Supreme Court held that IEEPA does not authorize the President to impose tariffs. *Learning Resources*, 607 U.S. at 254. The IEEPA duties assessed and collected from Plaintiff pursuant to the Challenged Orders therefore lacked statutory authorization.

16. Plaintiff has not received refunds of the IEEPA duties on its Affected Entry that has been liquidated for 90 days or longer and are outside CBP's period for voluntary reliquidation under 19 U.S.C. § 1501, with all interest required by law. Plaintiff seeks an order directing reliquidation and refund for its Affected Entry.

**Count I**
**Unlawful assessment and retention of IEEPA Duties**

17. Plaintiff incorporates paragraphs 1 through 16.

18. The Challenged Orders exceeded the President's IEEPA authority insofar as they imposed IEEPA duties on Plaintiff's imports. *See Learning Resources*, 607 U.S. at 254.

19. The IEEPA duties assessed against and paid by Plaintiff under the challenged orders were therefore unlawful.

20. Plaintiff is entitled to appropriate relief, including reliquidation of its affected entries without IEEPA duties and refunds of all unlawfully collected duties, with interest as provided by law.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that IEEPA duties assessed and collected on Plaintiff's imports pursuant to the Challenged Orders were unauthorized by law;

b. Order CBP to reliquidate Plaintiff's affected liquidated entry without regard to IEEPA duties, including entries outside the period for voluntary reliquidation;

c. Order the United States to refund to Plaintiff all IEEPA duties deposited on the Affected Entry, less any amounts already refunded, together with interest as provided by law, including 19 U.S.C. § 1505(b) and (c);

d. Award Plaintiff its reasonable costs and attorney's fees and expenses as permitted by law; and

e. Grant such other relief as the Court deems just and proper.

Dated: November 2, 2026

Respectfully submitted,

/s/ Jeffrey M. Schwab

Jeffrey M. Schwab
Liberty Justice Center
1629 K Street N.W., Suite 300
Washington, D.C. 20006
512-481-4400
jschwab@ljc.org

*Counsel for Plaintiff Bulldog Field Equipment LLC*